# SUPREME COURT OF THE UNITED STATES

No. 09A807

HARRY R. JACKSON ET AL. *v.* DISTRICT OF
COLUMBIA BOARD OF ELECTIONS
AND ETHICS ET AL.

ON APPLICATION FOR STAY

[March 2, 2010]

CHIEF JUSTICE ROBERTS, Circuit Justice.

Petitioners in this case are Washington D. C. voters who would like to subject the District of Columbia's Religious Freedom and Civil Marriage Equality Amendment Act of 2009 to a public referendum before it goes into effect, pursuant to procedures set forth in the D. C. Charter. See D. C. Code §§1–204.101 to 1–204.107 (2001–2006). The Act expands the definition of marriage in the District to include same-sex couples. See D. C. Act 18–248; 57 D. C. Reg. 27 (Jan. 1, 2010).

The D. C. Charter specifies that legislation enacted by the D. C. Council may be blocked if a sufficient number of voters request a referendum on the issue. D. C. Code §1–204.102. The Council, however, purported in 1979 to exempt from this provision any referendum that would violate the D. C. Human Rights Act. See §§1–1001.16(b)(1)(C), 2–1402.73 (2001–2007). The D. C. Board of Elections, D. C. Superior Court, and D. C. Court of Appeals denied petitioners' request for a referendum on the grounds that the referendum would violate the Human Rights Act.

Petitioners argue that this action was improper, because D.C. Council legislation providing that a referendum is not required cannot trump a provision of the D. C. Charter specifying that a referendum *is* required. See *Price* v.

*District of Columbia Bd. of Elections*, 645 A. 2d 594, 599–600 (D. C. 1994). They point out that if the Act does become law, they will permanently lose any right to pursue a referendum under the Charter. See §1–204.102(b)(2) (2001–2006). Petitioners ask the Court for a stay that would prevent the Act from going into effect, as expected, on March 3, 2010.

This argument has some force. Without addressing the merits of petitioners' underlying claim, however, I conclude that a stay is not warranted. First, as "a matter of judicial policy"—if not "judicial power"—"it has been the practice of the Court to defer to the decisions of the courts of the District of Columbia on matters of exclusively local concern." *Whalen* v. *United States*, 445 U. S. 684, 687 (1980); see also *Fisher* v. *United States*, 328 U. S. 463, 476 (1946).

Second, the Act at issue was adopted by the Council and placed before Congress for the 30-day period of review required by the D. C. Charter, see §1–206.02(c)(1). A joint resolution of disapproval by Congress would prevent the Act from going into effect, but Congress has chosen not to act. The challenged provision purporting to exempt certain D. C. Council actions from the referendum process, §1–1001.16(b)(1)(C), was itself subject to review by Congress before it went into effect. While these considerations are of course not determinative of the legal issues, they do weigh against granting petitioners' request for a stay, given that the concern is that action by the Council violates an Act of Congress.

Finally, while petitioners' challenge to the Act by way of a referendum apparently will become moot when the Act goes into effect, petitioners have also pursued a ballot initiative, under related procedures in the D. C. Charter, that would give D. C. voters a similar opportunity to repeal the Act if they so choose. See §§1–204.101 to 1–204.107; *Jackson* v. *District of Columbia Bd. of Elections*

*and Ethics*, Civ. A. No. 2009 CA 008613 B (D. C. Super., Jan. 14, 2010). Their separate petition for a ballot initiative is now awaiting consideration by the D. C. Court of Appeals, which will need to address many of the same legal questions that petitioners have raised here. Unlike their petition for a referendum, however, the request for an initiative will not become moot when the Act becomes law. On the contrary, the D. C. Court of Appeals will have the chance to consider the relevant legal questions on their merits, and petitioners will have the right to challenge any adverse decision through a petition for certiorari in this Court at the appropriate time.

The foregoing considerations, taken together, lead me to conclude that the Court is unlikely to grant certiorari in this case. Accordingly, the request for a stay is denied.

*It is so ordered.*